UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1021, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>COUNTY OF MENDOCINO,<br><br>             Defendant. | Case No.  20-cv-05423-RMI<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

Currently pending before the court is Defendant's Motion to Dismiss Plaintiffs' Complaint. *Def's. Mot.* (dkt. 11). Defendant argues that Plaintiffs' complaint must be dismissed because Plaintiffs fail to state a claim upon which relief can be granted, and granting leave to amend would be futile. *Id.* at 9-18. All parties have consented to proceed before a magistrate judge (dkts. 9, 10). For the reasons stated below, the court will grant Defendant's Motion to Dismiss.

**PROCEDURAL AND FACTUAL BACKGROUND**

On August 5, 2020, Plaintiffs, Service Employees International Union Local 1021 ("SEIU") and Henry Frahm Rinne ("Frahm"), filed an original Complaint against the County of Mendocino, alleging violations of Frahm's rights to due process under the U.S. and California Constitutions. *Compl.* (dkt. 1) at 1-10. Defendant moved to dismiss (dkt. 11), Plaintiffs responded (dkt. 14), Defendant has replied (dkt. 15), and the Parties appeared for oral argument on November 10, 2020 (dkt. 17).

The Complaint describes the termination of Frahm's employment as a custodian with Defendant County of Mendocino ("the County"). *Compl.* (dkt. 1) at 1. Frahm began working for

the County in August of 2016. *Id.* On April 22, 2019, Defendant issued Frahm a Notice of Intent to Discipline, citing chapter three of the County Civil Service Ordinance which governs the appeal and hearing procedure for County employees dismissed from County employment. *Id.* at 1-2. On May 23, 2019, the County issued Frahm an Order of Disciplinary Action, permanently dismissing him from his employment. *Id.* at 1. Frahm timely appealed his dismissal pursuant to Chapter Three of the County Civil Service Code. *Id.* at 2. On September 18 and 19, 2019, four of the five Civil Service Commissioners heard Frahm's appeal, during which the parties presented witnesses, documentary evidence, and had the opportunity to cross examine witnesses. *Id.* At the conclusion of the hearing, on September 19, the four Commissioners presiding at the hearing voted on Frahm's appeal, resulting in a deadlock vote with two Commissioners voting to uphold the dismissal, and two Commissioners voting to reverse. *Id.* On September 26, 2019, the Chairperson of the Commission issued a Notice of Action After Hearing terminating Frahm's employment by the County, noting that "since neither motion passed by majority vote, the Commission failed to take action on Appellant's appeal" and concluded that, "as a result the Order of Disciplinary Action remains in full force and effect." *Id.* In response to the Commission's tie vote and subsequent inaction, the Complaint presents four claims. *See id.* at 3-11.

Plaintiffs' first claim seeks a declaratory judgment holding that the County violated Plaintiffs' federal and state constitutionally protected rights by refusing to provide union members, in this case Frahm, with the due process owed them through local disciplinary appeals procedures by failing to revoke disciplinary orders that are not supported by a majority vote of the Commissioners. *Id.* at 7. Plaintiffs' second claim contends that by failing to revoke the Disciplinary Order and reinstate Frahm, the County violated Frahm's due process rights. *Id.* at 8. Plaintiffs therefore seek an order: directing the County to revoke Frahm's dismissal; for reinstatement; for an award of actual damages; for an award of attorneys' fees and costs; and any other appropriate relief. *Id.* at 9-10. Plaintiffs' third claim – brought under 42 U.S.C. § 1983 – contends that in light of the provisions relied upon by the County in this matter and the application thereof, the County will continue to violate the due process rights of similarly situated union members. *Id.* at 8. Plaintiffs' fourth and final claim asserts that by refusing to revoke the

2

Disciplinary Order and return Frahm to his permanent-status position of custodian, the County violated Frahm's due process rights afforded to him under Article 1, Section 7 of the California Constitution. *Id.* at 9.

## STANDARD OF REVIEW

In order to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts that "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); thus, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party," *Wyler Summit Partnership v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998), the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, mere recitals of the elements of a cause of action, supported only by conclusory statements, are insufficient. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of the pleaded facts that would entitle her or him to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In short, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must plausibly suggest a claim entitling the plaintiff to relief. *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).

## DISCUSSION

Defendant's Motion to Dismiss Plaintiffs' Complaint presents six issues by arguing: that Plaintiffs' allegations (complaining that Defendant has merely failed to comply with local laws) are insufficient to establish a federal claim for due process; that Plaintiffs' Complaint should be dismissed for lack of federal question jurisdiction; that the state and local laws were in fact applied correctly; that Plaintiffs' first three causes of action fail because the factual allegations are insufficient to state a due process violation under the Fourteenth Amendment; that Plaintiffs'

3

alternative request for leave to amend should not be granted because doing so would be futile; and that Plaintiffs' fourth claim fails because the factual allegations are insufficient to state a due process violation under the California Constitution. *Def's. Mot.* (dkt. 11) at 10-19.

The core of the Complaint, and the basis for Defendant's requests for dismissal, revolves around the Commission's two-two deadlock vote after Frahm's post-termination hearing. Defendant submits that the claims that the County violated Frahm's due process rights are not supported with factual allegations that "… demonstrate that the manner in which the local rules are applied somehow violates a federal statute or constitutional provision." *Id*. at 11-12. Defendant, therefore, contends that Plaintiffs have not stated facts that, if true, would entitle them to relief. More specifically, Defendant contends that Plaintiffs have not identified a due process right to a majority vote that might affirm or vacate an employment termination decision by a municipality in the context of a post-termination appeal hearing.

As stated, Plaintiffs submit that the County's lack of a policy requiring action by the Commission after a tie vote is unconstitutional. In the Complaint, Plaintiffs assert that "the County had the burden to show Frahm violated the rules, and a tie [vote] does not meet that burden" – further, because the Commission's vote resulted in a two-two deadlock and the Commission failed to take any further remedial action thereafter, Plaintiffs submit that the County "refused to follow the procedure proscribed in the County's Civil Service Ordinance which required it to revoke the Disciplinary Order and reinstate Mr. Frahm." *Compl.* (dkt. 1) at 2, 7. However, there is no provision in the Civil Code cited by Plaintiffs to the effect that it is incumbent on the County to take further action when a majority of the Commissioners are not persuaded upon the conclusion of an appeals hearing to either "affirm, modify, or revoke" a disciplinary order. *See* County's Code Sec. 3.16.140.[1] The Complaint does not allege that affirming a decision terminating employment, under the applicable code sections, can only be accomplished by a majority vote. Indeed, the notice of disciplinary action, which was quoted in the Complaint (dkt. 1 at 5-6), is indicative of the

---

[1] The County's Civil Code Sec. 3.16.140 states, in relevant part, "Within thirty (30) business days from the filing of such appeal, the Commission or its referee shall hold a hearing which may be continued from time to time, and at the conclusion thereof either affirm, modify or revoke the order."

4

1  fact that the burden was on Frahm to convince a majority of Commissioners to reverse the
2  termination decision. Further, Plaintiff does not venture to allege how Defendant failed to follow
3  its own procedures, or how procedures that would allow for a tie vote to amount to an affirming of
4  a termination decision might operate to violate Plaintiffs' federal procedural due process rights.[2]

With regard to the County's other arguments for dismissal, the Supreme Court has established when a municipality may be sued under § 1983 for violating a plaintiff's constitutional rights: "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). It is well settled that local governments are not wholly immune from suit under § 1983. *Monell*, at 664-89. Further, a plaintiff must be able to point to a municipality's policy that caused a violation of the plaintiff's due process rights. *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 992-93 (9th Cir. 2011). Thus, because Frahm has a constitutionally protected Fourteenth Amendment property interest in continued employment – a fact which Defendant concedes[3] — if Frahm can show that either a County policy or lack of policy resulted in a due process violation, then he can maintain a federal action against the County. Frahm has failed to satisfy this standard. As to Plaintiffs' remaining state-law claim, the court will generally decline pendant jurisdiction over state law claims in cases where the federal claims have been dismissed. Here, because the court is dismissing Plaintiffs' federal claims with leave to amend, the court will also dismiss Plaintiffs' state law claim with leave to amend.

//

---

[2] It is also worth noting that Frahm was given a two-day hearing that appears to have been conducted in a meaningful manner, which included presenting witnesses, documentary evidence, and the opportunity to cross examine witnesses. *Compl.* (dkt. 1) at 2. In this context, due process requires no more. *See, e.g.*, *Jones v. City of Modesto*, 408 F. Supp. 2d 935 (E.D. Cal. 2005). Thus, before a property or liberty interest can be taken (such as Frahm's employment in this context), the owner of the interest is entitled to notice and a hearing "at a meaningful time and in a meaningful manner." *Id.* (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The notice must also be sufficient to enable the plaintiff to prepare for the hearing in a meaningful way. *Jones*, 408 F. Supp. 2d at 949.

[3] *See* Pls.' Response (dkt. 14) at 3; Def's. Mot. (dkt. 11) at 15 ("Employment by a government agency creates a constitutionally protected property interest when the employee can only be terminated for cause.")

**CONCLUSION**

For the reasons stated above, Plaintiffs' Complaint (dkt. 1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is hereby **ORDERED** to file an amended pleading, if at all, no later than 30 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: January 12, 2021

ROBERT M. ILLMAN
United States Magistrate Judge