1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6                           EUREKA DIVISION

7

8    SERVICE EMPLOYEES                        Case No.  20-cv-05423-RMI
     INTERNATIONAL UNION LOCAL 1021,
9    et al.,
                                              **ORDER ON MOTION TO DISMISS**
10              Plaintiffs,                    **PLAINTIFFS' FIRST AMENDED**
                                              **COMPLAINT**
11         v.
                                              Re: Dkt. No. 43
12   COUNTY OF MENDOCINO,

13              Defendant.

14

15         Now pending before the court is Defendant's Motion to Dismiss Plaintiffs' First Amended

16   Complaint. *Def's. Mot.* (dkt. 34). Defendant argues that the First Amended Complaint ("FAC")

17   must be dismissed because Plaintiffs fail to state a claim upon which relief can be granted, and that

18   granting leave to amend would be futile. *Id.* at 9-22. For the reasons stated below, the court will

19   grant Defendant's Motion to Dismiss Plaintiffs' FAC without leave to amend.

20                        **PROCEDURAL BACKGROUND**

21         On August 5, 2020, Plaintiffs, Service Employees International Union Local 1021

22   ("SEIU") and Henry Frahm Rinne ("Frahm"), filed an original Complaint against the County of

23   Mendocino ("the County"), alleging violations of Frahm's federal and state due process rights.

24   *Compl.* (dkt. 1) at 1-10. Defendant moved to dismiss (dkt. 11) and—following Plaintiffs' response

25   (dkt. 14), Defendant's reply (dkt. 15), and oral argument on November 10, 2020 (dkt. 17)—the

26   court granted Defendant's Motion to Dismiss Plaintiffs' Complaint with leave to amend. *Order on*

27   *Mot. to Dismiss* (dkt. 28).

28         On February 11, 2021, Plaintiffs filed a FAC against the County, alleging similar

United States District Court
Northern District of California

1  violations of Frahm's rights to due process under the United States and California Constitutions.

2  *Pls.' First Amd. Compl.* (dkt. 29) at 1-12. Defendant moved to dismiss the FAC (dkt. 34),

3  Plaintiffs responded (dkt. 39), Defendant replied (dkt. 40), and the Parties appeared for oral

4  argument on June 8, 2021 (dkt. 42).

5  **FACTUAL BACKGROUND**

6  The FAC, like the original Complaint, recounts the termination of Frahm's employment

7  with the County of Mendocino. *Pls.' First Amd. Compl.* (dkt. 29) at 1-2. Frahm began his

8  employment with the County in August 2016, when he was hired as a custodian. *Id.* at 1. On April

9  22, 2019, the County issued Frahm a Notice of Intent to Discipline ("NOI"), citing Chapter Three

10 of the County Civil Service Ordinance—which sets forth the appeals and hearing process for

11 employees dismissed from County employment. *Id.* at 1-2. The NOI also notified Frahm of his

12 right to request *Skelly* review.[1] *Id.* at 4. On May 23, 2019, following a *Skelly* review, the County

13 issued Frahm an Order of Disciplinary Action permanently dismissing Frahm from his

14 employment. *Id.* at 1.

15 Frahm appealed his dismissal pursuant to Chapter Three of the Civil Service Ordinance. *Id.*

16 at 2. On September 18 and 19, 2019, four of the County's five Civil Service Commissioners heard

17 Frahm's appeal. *Id.* During this hearing, Frahm presented witnesses, documentary evidence, and

18 had the opportunity to cross examine witnesses. *Id.* At the conclusion of the hearing, on

19 September 19, the four presiding Commissioners voted on Frahm's appeal. *Id.* The result of the

20 Commission's vote was a deadlock, with two Commissioners voting to uphold the dismissal and

21 two voting to reverse. *Id.* On September 26, 2019, the Chairperson of the Commission issued a

22 Notice of Action After Hearing ("NOAAH") which terminated Frahm's employment with the

23 County, stating that "since neither motion passed by majority vote, the Commission failed to take

24

25 [1] In Skelly v. State Pers. Bd., 539 P.2d 775 (Cal. 1975), the California Supreme Court
   "recognize[d] a public employee's right to a pre-termination hearing." Walls v. Cent. Contra Costa
26 Transit Auth., 653 F.3d 963, 968 (9th Cir. 2011). "At a minimum, these pre-removal safeguards
   must include notice of the proposed action, the reasons therefor, a copy of the charges and
27 materials upon which the action is based, and the right to respond, either orally or in writing, to the
   authority initially imposing discipline." *Id.*
28

United States District Court
Northern District of California

1    action on Appellant's appeal" and "as a result the Order of Disciplinary Action remains in full

2    force and effect." *Id.* In response to the Commission's tie vote and the County's failure to revoke

3    the Disciplinary Order and reinstate Frahm to his permanent-status position, Plaintiffs' FAC

4    presents four claims. *Id.* at 8-10.

5         Plaintiffs' first claim seeks a declaratory judgment that the County violated Plaintiffs'

6    federal and state constitutionally protected rights by failing to provide union members (i.e.,

7    Frahm) with the due process owed them by local disciplinary appeals procedures—namely, by

8    upholding the Disciplinary Order without meeting its burden to prove just cause by a majority vote

9    of the Commission. *Id.* at 8. Plaintiffs' second claim contends that the County violated Frahm's

10   due process rights by failing to revoke the Disciplinary Order and reinstate Frahm to his

11   permanent-status position. *Id.* at 9. Plaintiffs' third claim, brought under 42 U.S.C. § 1983, asserts

12   that, in light of the provisions relied on by the County in this matter and the application thereof,

13   the County will continue to violate the due process rights of similarly situated union members—

14   that is, the County will refuse to revoke Disciplinary Orders which are not upheld by a majority

15   vote of the Commission. *Id.* at 9-10. Finally, Plaintiffs' fourth claim contends that the County

16   violated the due process rights afforded Frahm under Article 1, Section 7 of the California

17   Constitution when it failed to meet its burden to prove just cause with a majority vote from the

18   Commission. *Id.* at 10.

19                              **STANDARD OF REVIEW**

20        In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P.

21   12(b)(6), a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell*

22   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the "complaint must contain sufficient

23   factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

24   *Iqbal*, 556 U.S. 662, 678 (2009). While "all well-pleaded allegations of material fact are taken as

25   true and construed in a light most favorable to the nonmoving party," *Wyler Summit P'ship v.*

26   *Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998), the court is not required to accept as

27   true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

28   inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, mere

United States District Court
Northern District of California

3

1    recitals of the elements of a cause of action, supported only by conclusory statements, are

2    insufficient. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

3          Dismissal for failure to state a claim is appropriate only where it appears, beyond doubt,

4    that the plaintiff can prove no set of pleaded facts that would entitle them to relief. *Morley v.*

5    *Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In short, for a complaint to survive a motion to

6    dismiss, the non-conclusory factual content, including reasonable inferences from that content,

7    must plausibly suggest a claim entitling the plaintiff to relief. *Moss v. United States Secret Serv.*,

8    572 F.3d 962, 970 (9th Cir. 2009).

## DISCUSSION

10      ***Motion to Dismiss***

11          Defendant's Motion to Dismiss Plaintiffs' FAC incorporates the six arguments presented

12    in their previously-granted dismissal request: that Plaintiffs' allegations (complaining that

13    Defendant has merely failed to comply with local laws) are insufficient to establish a federal claim

14    for due process; that Plaintiffs' Complaint should be dismissed for lack of federal question

15    jurisdiction; that state and local laws were applied correctly; that Plaintiffs' first three causes of

16    action fail because the factual allegations are insufficient to state a due process violation under the

17    Fourteenth Amendment; that Plaintiffs' alternative request for leave to amend should not be

18    granted because doing so would be futile; and that Plaintiffs' fourth claim fails because the factual

19    allegations are insufficient to state a due process violation under the California Constitution. *Def's.*

20    *Mot.* (dkt. 34) at 14-24.

21          In addition, Defendant's Motion presents two new issues by arguing: that Plaintiffs' new

22    allegations (asserting that it was a "long-standing policy and practice" that the County had to

23    prove just cause for their disciplinary orders for the Commission to affirm them on appeal) are

24    insufficient to establish that the Commission had a duty to revoke the disciplinary order; and that

25    federal law does not authorize declaratory relief on matters of state or local law. *Id.* at 11-16.

26          Both the FAC and Defendant's Motion to Dismiss the FAC revolve around the County

27    Civil Service Commission's two-two deadlocked vote following Frahm's post-termination

28    hearing. Defendant submits that "Plaintiffs' allegations that the local rules required the County to

United States District Court
Northern District of California

4

1   bear the burden of proof are insufficient to establish that the Commission was required to issue an

2   order revoking the discipline in the event of a deadlock." *Id.* at 11. According to the County,

3   "[n]either the Commission's rules, California caselaw, nor the regular practices of courts and other

4   administrative bodies . . . would support an inference that bearing the burden of proof impliedly

5   contains an obligation to reverse the discipline in the event of a deadlock." *Id.* at 13. Regardless,

6   Defendant contends that "[e]ven if Plaintiffs' allegations were sufficient to establish that the

7   Commission erroneously applied its local rules, Plaintiffs' claims fall well short of establishing

8   any . . . constitutional violation." *Id.* at 14. Defendant, therefore, contends that Plaintiffs have not

9   stated facts that, if true, would entitle them to relief—irrespective of the reach of local rules or

10  policies.

11          Plaintiffs, on the other hand, submit that "a County policy or lack of policy resulted in a

12  due process violation." *Pls.' Opp'n to Def's. Mot.* (dkt. 39) at 1. According to Plaintiffs, it was the

13  "long-standing policy and practice of SEIU Local 1021 and the County – that the County had to

14  prove it had just cause to the Commission in order to affirm its disciplinary orders . . . ." *Pls.' First

15  Amd. Compl.* (dkt. 29) at 7. Plaintiffs allege that this policy required the County to secure at least a

16  majority vote by the Commission to meet its burden. *Id.* Plaintiffs contend, therefore, that the

17  "action required by the Commission was to 'revoke' Frahm's disciplinary Order because it lacked

18  a majority vote of the Commissioners to affirm or modify it." *Id.* at 8. Their failure to do so,

19  Plaintiffs submit, resulted in a due process violation.

20          As stated in this court's previous Order, "there is no provision in the Civil Code . . . that it

21  is incumbent on the County to take further action when a majority of the Commissioners are not

22  persuaded upon the conclusion of an appeals hearing to either 'affirm, modify, or revoke' a

23  disciplinary hearing." *Order on Mot. to Dismiss* (dkt. 28) at 4. Based on the Complaint's

24  significant reliance on the Civil Code, therefore, this court found that Plaintiffs did not "allege

25  how Defendant failed to follow its own procedures, or how procedures that would allow for a tie

26  vote to amount to an affirming of a termination decision might operate to violate Plaintiffs' federal

27  procedural due process rights." *Id.* at 5. As a result, the court granted Plaintiffs leave to amend

28  their Complaint, suggesting that Frahm could maintain a federal action against Defendant if he

United States District Court
Northern District of California

1    could show "that either a County policy or lack of policy resulted in a due process violation." *Id.*

2        Plaintiffs' FAC follows directly from the language of the Order, asserting that it was the

3    "long-standing *policy* and practice of . . . the County . . . to prove it had just cause to the

4    Commission in order to affirm its disciplinary orders." *Pls.' First Amd. Compl.* (dkt. 29) at 7-8

5    (emphasis added); *see also Pls.' Opp'n to Def's. Mot.* (dkt. 39) at 1 ("Plaintiffs have alleged that a

6    County policy or lack of policy resulted in a due process violation . . . ."). Despite these recitations

7    of the Order's language, however, Plaintiffs' FAC again falls short of alleging how the

8    Commission's actions violated Frahm's due process rights.

9        At the outset, Plaintiffs do not allege, nor is it apparent, how the County's actions violated

10    either the County Civil Service Ordinance or the "long-standing policy and practice" of the

11    County having to prove "just cause" at the Commission. *Pls.' First Amd. Compl.* (dkt. 29) at 7.

12    The court must accept as true allegations that the burden of proof was on the County at both the

13    initial, County-level hearing, as well as at the Commission hearing—a fact which Defendant

14    apparently concedes.[2] *See Def's. Mot.* (dkt. 34) at 13 ("Plaintiffs have properly alleged, and

15    defendant's do not dispute, that local practice placed the burden of proof on the department."). The

16    court is not required, however, to accept as true Plaintiffs' unfounded conclusion that satisfying

17    this burden somehow required a majority vote by the Commission. *See Sprewell*, 266 F.3d at 988.

18    There is nothing in the FAC, beyond Plaintiffs' speculation as to the meaning of "just cause," that

19    would suggest such a majority requirement existed. Likewise, the County Civil Service Ordinance

20    does not appear to address the burden of proof at the Commission—much less whether a majority

21    was required to satisfy that burden. *Compare with Graves v. Comm'n on Pro. Competence*, 134

22    Cal. Rptr. 71, 74 (Cal. Ct. App 1976) ("Section 13413 of the Education Code provides that the

23    decision of the Commission shall be by a majority vote."); *Clark v. City of Hermosa Beach*, 56

24    Cal. Rptr. 2d 223, 237 (1996) ("In deciding an appeal . . . '[t]he action by the city council ... shall

25    be by *three (3) affirmative* votes.' (Hermosa Beach Mun. Code, §§ 1412, 1413, italics added).").

26

27    ───────────────

28    [2] The court notes that while nothing in the County Civil Service Ordinance or the FAC provides support for such a proposition, the court will assume it to be true for purposes of considering the Motion to Dismiss.

6

United States District Court
Northern District of California

1       Considering that Frahm lost below, or, put another way, "just cause" was found for his

2   initial termination, Defendants are correct that nothing in "[ ]either the Commission's rules,

3   California caselaw, nor the regular practices of courts and other administrative bodies . . ." would

4   indicate that a tie vote at the Commission would be insufficient to carry the County's burden of

5   proving "just cause" on appeal. *Id.* at 14. In other words, considering that "just cause" was found

6   below, the County's burden on appeal could be met by either a majority vote *affirming* the

7   termination decision, or a tie vote *upholding* the decision. Otherwise, any Disciplinary Order

8   issued below would be rendered meaningless. Much like an appellate court, a tie vote at the

9   Commission left the County's original termination decision intact—a result which the

10  Commission expressly recognized in the NOAAH. *See Pls.' First Amd. Compl.* (dkt. 29) at 2

11  ("[S]ince neither motion passed by majority vote, the Commission failed to take action on

12  Appellant's appeal . . . as a result the Order of Disciplinary Action remains in full force and

13  effect."); *see also City of Hermosa Beach*, 56 Cal. Rptr. 2d at 237 ("As a general rule an even

14  division among members of an administrative agency results in no action.); *Grist Creek*

15  *Aggregates, LLC v. Super. Ct. of Mendocino Cty.*, 219 Cal. Rptr. 3d 229, 237 ("The board's tie

16  vote meant that the November ATC was allowed to stand, which was effectively a decision not to

17  revoke it.").

18      Outside of Plaintiffs' conclusory allegations that a majority vote was necessary, Plaintiffs

19  have failed to address why a tie vote at the Commission would be insufficient for the County to

20  carry their burden of "just cause." But it should also be noted that, assuming a tie vote *was*

21  somehow insufficient to carry this burden, Plaintiffs still fail to allege how the resulting action

22  violated Frahm's federal procedural due process rights. Because "[d]ue process is flexible and

23  calls for such procedural protections as the particular situation demands," *Morrissey v. Brewer*,

24  408 U.S. 471, 481 (1972), the Supreme Court had identified three factors which are to be

25  considered in determining what due process requires in a given situation.

26          First, the private interest that will be affected by the official action;
            second, the risk of erroneous deprivation of such interest through the
27          procedures used, and the probable value, if any, of additional or
            substitute procedural safeguards; and finally, the Government's
28          interest, including the function involved and the fiscal and

United States District Court
Northern District of California

administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976). While a full-fledged *Mathews* analysis seems unnecessary, a few brief points are worth making.

There is little doubt that the private interest at stake is significant—namely, Frahm's constitutionally protected Fourteenth Amendment property interest in continued employment. *See Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Despite the significance of this interest, however, the existing procedures for addressing the termination of County employees run little risk of erroneously depriving the interest. Based on the allegations in the FAC, Defendant informed Frahm of his right to request *Skelly* review and provided that review. *Pls.' First Amd. Compl.* (dkt. 29) at 4. Following the issuance of the Disciplinary Order, the County also provided Frahm with an appeal to the Commission. *Id.* at 2. At the Commission hearing, Frahm presented documentary evidence, witnesses, and had the opportunity to cross-examine witnesses. *Id.* Given the comprehensive nature of these procedures, it is difficult to characterize them as running a significant risk of erroneously depriving Frahm of his property interest. Thus, *even if* a tie vote was somehow insufficient, under the Commission's policy, Plaintiffs' have not articulated a due process violation. *See Gryger v. Burke*, 334 U.S. 728, 731 (1948) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process . . . ."). To hold otherwise would cast constitutional doubt on the procedures of many judicial and administrative bodies including, for example, the long-established authority of appellate courts to uphold the decision of a lower court where there is not a majority to affirm or overrule it. At its core, the "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (1976). Apart from the conclusory allegations as to the requirements of "just cause," Frahm does not dispute that he was provided a meaningful hearing.

Finally, while the procedures provided by the County were sufficient to satisfy due process, Plaintiffs fail to state a claim for relief in federal court even if they were not. California law permits an aggrieved government employee, under certain circumstances, to file a petition for a writ of administrative mandate. *See* Cal. Civ. Proc. Code §§ 1094.5, 1094.6. While this opportunity was available to Frahm following the Commission's tie vote, Plaintiffs allowed the

time for such a proceeding to lapse. *See Def.'s Mot.* (dkt. 34) at 7. Plaintiffs, however, assert that

the availability of such a remedy does not otherwise relieve the County of the duties owed a

terminated employee. Plaintiffs contend that:

> Defendant mistakenly alleges that challenging the Defendant's administrative decision by writ of mandamus in California Superior Court completes Defendant's obligation to provide certain procedural due process when terminating an employee. Whether Plaintiffs may have elected to challenge the Commission's inaction by means of a writ . . . does not absolve Defendant of its duties to follow the procedure due to a terminated employee under the constitution.

*Pls.' Opp'n to Def's. Mot.* (dkt. 39) at 10. Plaintiffs' absolution argument, however, is backward.

Plaintiffs argue that Defendant's failure to comply with local policy absolves them of their duty to

exhaust the available state post-deprivation remedies. However, "[t]he constitutional violation

actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and

until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Thus,

even if the County violated a local procedural policy "no due process violation resulted because

[Plaintiffs] were free to challenge the Commission's orders in state court." *Ass'n for L.A. Deputy

Sheriffs v. Cty. of L.A.*, 617 F. App'x 712, 713 (9th Cir. 2015); *see also Hudson v. Palmer*, 468

U.S. 517, 533 (1984) (holding that a deprivation of property does not violate due process if

"adequate state post-deprivation remedies are available"). In a mandamus proceeding, a state court

will inquire into the circumstances and legitimacy of the proceedings below.[3] In other words, the

state court is simply another procedural component designed to ensure that due process is

afforded. Given the availability of this mechanism, therefore, it does not follow that an alleged

violation of County policy, by itself, is sufficient to deprive Frahm of his constitutionally

protected due process rights. Plaintiffs cannot avoid this fact simply because they did not avail

themselves of this remedy. Given that Plaintiffs did not exhaust the available remedies at the state

level, they cannot state a claim for relief in federal court. *See Burson v. State of Nev., Dep't of

Hum. Res.*, 42 F.3d 1398 (9th Cir. 1994) ("Thus, the trial court correctly ruled that [ ] [Plaintiff's]

§ 1983 claims were barred by the existence of adequate post-deprivation remedies."); *Hazzard v.*

---

[3] *See* Cal. Civ. Proc. Code § 1094.5(b) ("The inquiry in such a case shall extend to the questions . . . whether there was a fair trial; and whether there was any prejudicial abuse of discretion.").

United States District Court
Northern District of California

*City of E. Palo Alto*, 74 F.3d 1245 (9th Cir. 1996) ("[I]ntentional deprivations of property do not violate the Due Process Clause if adequate state post-deprivation remedies are available; *Timberline Nw., Inc. v. Hill*, 141 F.3d 1179 (9th Cir. 1998) (As [ ] [Plaintiff] has failed to demonstrate that the postdeprivation remedies available to it are inadequate, it is clear that its due process rights could not be violated.").

Accordingly, Plaintiffs have failed to show that either a County policy or lack of policy resulted in a due process violation. As such, Frahm cannot maintain a federal action against Defendant, County of Mendocino. For the reasons stated below, the court will dismiss Plaintiffs' federal claims without leave to amend.

### *Dismissal Without Leave to Amend*

In exercising its discretion to grant leave to amend, the court is guided by Fed. R. Civ. P. 15(a)(2): "The court should freely give leave when justice so requires." As explained by the Supreme Court:

> In the absence of any apparent or declared reason—such as undue delay . . . *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of amendment, *futility of amendment*, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 321 U.S. 178, 182 (1962) (emphasis added). It is important to note, however, that the court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Plaintiffs were given an opportunity to cure the deficiencies of their Complaint and filed a FAC. Plaintiffs' FAC ventures to cure these deficiencies with only a handful of conclusory allegations. *See Sprewell*, 266 F.3d at 988. Given the court's "particularly broad" discretion under such circumstances (*Ascon Prop., Inc.*, 866 F.2d at 1160), the court is well within its authority to deny Plaintiffs' leave to amend—especially when taking into account the futility of further amendments. While the FAC conveys additional facts as to the Commission's procedures, Plaintiffs still fail to allege how those procedures, or how the alleged failure to comply with them, resulted in a violation of Frahm's federal procedural due process rights. It is clear then that no amendment could cure Plaintiffs' deficiencies and thus further leave to amend would be futile.

*United States District Court*
*Northern District of California*

10

As to the remaining state-law claims, the court will generally decline pendent jurisdiction over state law claims in cases where the federal claims have been dismissed. *See* 28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state law claims should be dismissed as well."). Because the court is dismissing Plaintiffs' federal claims without leave to amend, the court will also dismiss Plaintiffs' state law claims with prejudice.

**CONCLUSION**

For the reasons stated above, Defendant's Motion (dkt. 34)  is **GRANTED**, and Plaintiffs' FAC (dkt. 29) is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated: August 6, 2021

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

11